Michael A. Brain
LAW OFFICES OF ROYCE & BRAIN
1407 West Thirty-First Street, 7th Floor
Anchorage, Alaska 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919

Attorneys for Plaintiff, Door Tech, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES, for the use and benefit of DOOR TECH, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA PAYMENT BOND NO. 105249070,<br><br>　　　　Defendant. | Case No. 3:11-cv-_____ |

**COMPLAINT**

COMES NOW Use Plaintiff, Door Tech, LLC ("Plaintiff"), by and through its counsel of record, the Law Offices of Royce & Brain, and for its Complaint against Defendant, Travelers Casualty and Surety Company of America Payment Bond No. 105249070 ("Defendant"), hereby states and alleges as follows:

**JURISDICTION & VENUE**

1.　　Plaintiff is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of Alaska.

2. Plaintiff operates as a licensed Alaska construction contractor in accordance with the requirements of AS 08.18.151 and is in all ways qualified to bring and maintain this action.

3. Based on information and belief, Defendant is a foreign corporation organized and authorized to transact surety business in the State of Alaska.

4. Defendant issued Payment Bond No. 105249070 to Unit Company ("Unit"), in its capacity as general contractor on a federal construction project located at Elmendorf Air Force Base, Alaska, known as ELM-288 - F22A 7-Bay Aircraft Shelter, Project No. W911KB-09-C-0015 ("Project").

5. This action arises under and the Court has jurisdiction pursuant to 40 U.S.C. § 3131 *et seq.* ("Miller Act").

## FACTS

6. Unit entered into a subcontract with Wilson Doors ("Wilson") to furnish certain labor, material, services and/or equipment to the Project.

7. Wilson, in turn, entered into a subcontract with Plaintiff to install certain hangar doors in connection with Wilson's subcontract with Unit.

8. Unit also subcontracted directly with Plaintiff to furnish certain other labor, material, services and/or equipment on the Project.

9. Plaintiff completed all of its subcontract scope of work on the Project on December 28, 2010, which work was accepted by the Project owner and fully incorporated into the Project.

10. Despite demand being made, Wilson failed and/or refused to pay Plaintiff, in full, for all labor, material, services and/or equipment Wilson received from Plaintiff on the Project.

11. As of January 27, 2011, Wilson owed Plaintiff a balance of $40,161.68 for work Plaintiff performed on the Project.

12. On February 23, 2011, Plaintiff provided Unit with written notice of its claim on the Project arising out of Wilson's non-payment, in accordance with 40 U.S.C. § 3133(b)(2).

13. More than ninety (90) days but less than one (1) year has elapsed from the last date on which Plaintiff furnished labor, material, services and/or equipment to the Project.

14. The amount due to Plaintiff as a result of the labor, material, services and/or equipment it furnished to Wilson on the Project has not been disputed by Wilson.

15. Based on information and belief, Wilson is currently insolvent.

16. Despite demand being made, Unit failed and/or refused to pay Plaintiff, in full, for all labor, material, services and/or equipment Unit received directly from Plaintiff on the Project.

17. As of January 27, 2011, Unit owed Plaintiff a balance of $3,863.92 for work Plaintiff performed directly for Unit on the Project.

## COUNT I – CLAIM ON PAYMENT BOND

18. Plaintiff re-alleges the paragraphs above, and further states and alleges as follows:

19. Defendant issued Payment Bond No. 105249070 to Unit pursuant to the Miller Act, for the benefit of all persons/entities supplying labor, material, services and/or equipment to the Project.

20. Defendant is liable to Plaintiff for payment of all amounts owed on the Project, which outstanding balance, as of January 27, 2011, included $40,161.68 for the work Plaintiff furnished under its subcontract with Wilson and $3,863.92 for the work Plaintiff furnished under its direct subcontract with Unit, for a total outstanding balance of 44,025.60.

## COUNT II – QUANTUM MERUIT

21. Plaintiff re-alleges the paragraphs above, and further states and alleges as follows:

22. Plaintiff is entitled to receive the reasonable value of all labor, material, services and/or equipment it furnished to the Project.

23. The reasonable value of the labor, material, services and equipment furnished by Plaintiff to Wilson and Unit for use on the Project that remains due and owing totaled $44,025.60 as of January 27, 2011.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief:

A. For a final judgment against Defendant Payment Bond No.105249070, in the principal amount of $44,025.60.

B. For an award of prejudgment interest at Plaintiff's contract rate of 18% per annum.

C. For award of costs and attorney's fees necessarily incurred by Plaintiff in having to bring and maintain this action.

D. For such other and further relief as this Court deems just and equitable.

DATED at Anchorage, Alaska, this 9th day of December, 2011.

                LAW OFFICES OF ROYCE & BRAIN
                Counsel for Plaintiff, Door Tech, LLC

                s/ Michael A. Brain
                1407 W. 31st Avenue, 7th Floor
                Anchorage, Alaska 99503
                Telephone: 907-258-6792
                Facsimile: 907-276-2919
                E-mail: mbrain@roycebrain.com
                Alaska Bar Association No. 8505024